UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************

CTC COMMUNICATIONS CORP.

**CIVIL ACTION NO.**

Plaintiff(s)

vs.

**COMPLAINT**

ADVERTISING-VENTURES,

MAGISTRATE JUDGE _____

Defendant(s)

*********************************

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

The Plaintiff, CTC Communications Corp., by its attorneys COHN & DUSSI, LLC, as

and for its Complaint herein alleges as follows:

**THE PARTIES**

1.    The Plaintiff, CTC COMMUNICATIONS CORP. (hereinafter the "Plaintiff"), is a

corporation duly organized by law having a usual place of business at 115 Second

Avenue, Waltham, Middlesex County, Massachusetts.

2.    The Defendant, ADVERTISING-VENTURES (hereinafter the "Defendant"), is a

corporation having its principal place of business at 10 Davol Square, Providence, Rhode

Island 02903.

**JURISDICTION**

3.    This Court has jurisdiction over this claim under 28 U.S.C. Section 1331, as the

Defendant's liability arises under a tariff filed with the Federal Communications

Commission and Massachusetts Department of Telecommunications and Energy

(hereinafter collectively the "F.C.C.").

1

## COUNT I
### (Breach of Customer Service Agreement)

4.      The Plaintiff reavers, realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 3 above with the same full force and effect as if expressly set forth herein.

5.      At all times relevant to this action, the Plaintiff provided telephone service pursuant to Rhode Island state tariffs and FCC Tariff No. 3 (hereinafter the "Tariffs").

6.      On or about October 22, 2001, the Defendant executed and delivered to the Plaintiff a Customer Service Agreement (hereinafter the "Agreement") pursuant to which the Defendant agreed to pay to the Plaintiff all amounts due together with interest, costs and attorneys' fees in connection with the Defendant's purchase of local, long distance and PowerPath internet services from the Plaintiff. A true and accurate copy of said Agreement is attached hereto as Exhibit "A" and by this reference specifically incorporated herein.

7.      The specific terms of the Agreement provides for the assessment of a termination charge in the event that the Agreement is terminated early.

8.      The Defendant has breached its contract with the Plaintiff as a result of its failure to make payment to the Plaintiff on all amounts due under said Agreement and owes the Plaintiff the principal sum of Ten Thousand Four Hundred Fifty Three and 42/100 Dollars ($10,453.42).

9.      Based upon the breach and early termination of the Agreement, the Defendant owes the Plaintiff the total sum of Ten Thousand Four Hundred Fifty Three and 42/100 Dollars

2

($10,453.42), together with interest from November 10, 2004, on or before which date demand for payment was duly made, plus costs and attorneys' fees.

## COUNT II
### (for Services Rendered)

10.   The Plaintiff reavers, realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 9 above with the same full force and effect as if expressly set forth herein.

11.   The Defendant owes the Plaintiff the total sum of Ten Thousand Four Hundred Fifty Three and 42/100 Dollars ($10,453.42) for services rendered by the Plaintiff to the Defendant together with interest thereon from November 10, 2004, on or before which date demand for payment was duly made, plus costs and attorneys' fees. A copy of the Statement of Account is attached hereto as Exhibit "B".

## COUNT III
### (for Unjust Enrichment)

12.   The Plaintiff reavers, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 11 above.

13.   The Plaintiff provided telephone and internet services to the Defendant for an agreed upon price, and the Defendant has failed, refused, neglected and continues to refuse to make payment to the Plaintiff in consideration for the services provided by Plaintiff to the Defendant.

14.   As a result of the foregoing, the Defendant has been unjustly enriched in the sum of Ten Thousand Four Hundred Fifty Three and 42/100 Dollars ($10,453.42), which sum the

3

Plaintiff is entitled to recover.

15.     As a result of this unjust enrichment, the Defendant owes the Plaintiff the sum of Ten

Thousand Four Hundred Fifty Three and 42/100 Dollars ($10,453.42).


**WHEREFORE**, the Plaintiff, CTC Communications, prays that Judgment enter as follows:

1.     Enter judgment against the Defendant, Advertising-Ventures, and in favor of the Plaintiff,

in the sum of Ten Thousand Four Hundred Fifty Three and 42/100 Dollars ($10,453.42),

together with interest from November 10, 2004 on or before which date demand for

payment was duly made;

2.     Award the Plaintiff, CTC Communications, its costs and disbursements for prosecuting

this action, including reasonable attorneys' fees, in connection with the Defendant,

Advertising-Ventures; and

3.     Grant the Plaintiff, CTC Communications, such other and further relief as this Honorable

Court may deem just and proper.


                                              Respectfully submitted,
                                              CTC Communications Corp.,
                                              By its attorneys,
                                              Cohn & Dussi, LLC,

Date: 3/13/05

                                              John J. Dussi, Esq. BBO# 546355
                                              25 Burlington Mall Road, 6th Floor
                                              Burlington, MA 01803
                                              (781) 494-0200

4

# EXHIBIT "A"

Oct 22 01 02:01p    A'ertising Ventures    40  453 0095    p.1
10/22/01 13:30 FAX    Ø002



**CTC CUSTOMER SERVICE
AGREEMENT**

**Scope of Agreement.**  CTC Communications Corp. ("CTC" or the "Company") agrees to provide Customer with those services identified on the Service Addendum, attached hereto and made part hereof as may be amended from time to time by the parties.  Services provided under any Service Addendum executed hereunder shall governed by the terms and conditions set forth herein.  Certain services provided under this Service Agreement ("Agreement") are also governed by the terms and conditions found in CTC tariffs on file with state regulatory agencies and the Federal Communications Commission (the "FCC").  For such services, in the event of any conflict between the terms and conditions set forth herein and those identified in CTC's tariff(s), in all instances, CTC's tariff(s) shall prevail.

**Payments and Financial Responsibility.**  All invoices are due and payable upon Customer's receipt thereof.  Any payment not received within thirty (30) days following the due date shall be deemed past due.  CTC reserves the right to assess a late fee of one and one half percent (1.5%).  Customer shall be liable for all charges incurred as a result of Customer's use of CTC's services, including charges resulting from theft, and fraudulent or unauthorized use of such Service.  Customer shall notify CTC in writing of any disputed charge or amount within thirty (30) days of Customer's receipt of any invoice containing such disputed charge or amount.  In no event shall Customer's notice of a dispute relieve Customer from its obligation to pay in full all non-disputed charges and amounts.

**Right of Entry and Installation Testing and Adjustment of CTC Provided Equipment.**  Customer shall allow CTC and its suppliers reasonable access to Customer's premises for purposes of installing, inspecting or maintenance of Company-provided equipment (Equipment) located on Customer's property.

Customer shall make available on-site technical personal qualified to assist CTC and its sub-contractors in its installation, testing and maintenance of any Company-provided equipment.  Upon CTC's request, Customer shall provide CTC and its sub-contractors with information regarding specifications, drawings, and other technical information pertaining to customer premises equipment, building, blueprints, layouts and designs, emergency contingency plans and property site maps.

Customer shall be responsible for a) informing CTC and its suppliers as to the existence of any hazardous material or condition on its premises; b) securing all necessary permits and authorizations required for any work to be performed on Customer's premises; and c) providing CTC and its suppliers with a suitable secured and protected area for storage of CTC's equipment pending completion of any installation or maintenance activity.

**Time and Materials.**  Certain services under this agreement may require periodic dispatch of CTC personnel or its contracted suppliers to Customer's premises for purposes of installation, repair and routine maintenance.  Customer shall be responsible for any time and material charges associated with CTC's dispatch of such personnel or contractors.

**No Title.**  In connection with certain services furnished hereunder, CTC will install and maintain a network terminating device or such other equipment (Equipment) on Customer's premises, which becomes the terminating point of CTC's network.  Such equipment shall at all times remain the property of the Company and any installation on the Customer's premises does not serve to create any title, interest or ownership by the Customer in such Equipment.

**Return of Company Equipment.**  Upon termination of Service, Customer will provide Company with reasonable access to Customer's premises for purposes of removing any Company Equipment.  In the event Customer fails to provide Company with said access, or should the Equipment be returned to the Company in a condition worse than would be expected through the normal use and wear of the Equipment, then, in such event, Customer will be liable to the Company for the then current replacement cost of the Equipment.

**Minimum Period.**  Except as otherwise provided herein or as set forth in CTC's applicable tariff(s), the minimum period for services provided hereunder is ninety (90) days.

**Monthly Minimum Services Commitment for PowerPath Network (PPN) Services.**  A minimum monthly commitment for PPN services applies in addition to the any charges for monthly access.  The monthly minimum commitment for aggregate billing of PPN local, long distance, frame relay, data and/or internet services or any combination thereof is $300.

**Term Commitment.**  Customer agrees to utilize CTC's Service(s) for the duration of the term(s) specified in the attached Service Addendum.

Ø002    XVd 9E:II QHM 10/ħZ/01

Oct 22 01 02:01p          vertising Ventures          4   453 0095          p.2
10/22/01  13:40 FAX                                                        ☑003



**CTC CUSTOMER SERVICE
AGREEMENT**

Termination for Default.  The Customer shall be in default of this Agreement in the event a) Customer fails to pay any amount due hereunder within thirty (30) days of the payment due date;  b) Customer provides inaccurate, false or otherwise misleading information in its application for Service, or c) Customer utilizes CTC services for any unlawful purpose or for any other purpose than that for which the Service is intended. Notwithstanding any other remedies which CTC may have available to it by law or equity, in the event of any Customer default under this Agreement which is not cured within thirty (30) days following written notice thereof, CTC may terminate this Agreement without further notice and immediately discontinue any and all Services provided hereunder.  Nothing contained herein shall relieve customer of its obligations to pay CTC for services provided up through the date of termination.

Termination without Cause.  Month-to-Month.  Following expiration of any applicable Minimum Period, Customer may terminate any service provided under a month-to-month service option with sixty (60) days written notice.  Term Plans. In the event Customer terminates or discontinues any resold service provided under a term plan with the Company prior to the expiration of the then current term, Customer will be responsible for any termination penalties assessed CTC by its underlying providers.

In the event Customer terminates either a twelve (12) or twenty-four (24) month term plan for (PPN) Services, then Customer will be assessed a termination penalty in an amount equivalent to the cost of monthly access plus the monthly minimum service commitment described hereinabove times the number of months remaining in the term.
In the event Customer terminates either a twelve (12) or twenty-four (24) month term plan for CTC Hosting Solutions, then Customer will be assessed a termination penalty in an amount equivalent to 50% of the average monthly recurring charges incurred by Customer for CTC Hosting Solutions up to the point of termination times the number of months remaining in the term.

Excuse of Performance.   CTC shall not be liable for any delay or failure of performance of any part of this Agreement to the extent that such failure or delay is caused by Acts of God, acts of civil or military authority, government regulations, embargoes, epidemics, war, terrorist acts, riots, insurrections, fires, explosions, earthquakes, nuclear accidents, floods, strikes, power blackouts, cable cuts, volcanic action, other major environmental disturbances, unusually severe weather conditions, inability to secure products or services of other persons or transportation facilities, or acts or omissions of transportation common carriers or other causes beyond the reasonable control of the Company.   If any excuse of performance occurs, the Company shall give reasonable notice to Customer and take all reasonable steps to correct the excuse of performance condition.  For the duration of any excuse of performance hereunder, the duties of CTC under this Agreement shall be abated and shall resume without liability thereafter.

Indemnification.  Customer shall indemnify and hold CTC, its parent, affiliates and sub-contractors, harmless from and against all claims for damages (including reasonable attorney's fees) resulting from claims for libel, slander, infringement or copyright, or unauthorized use of any trademark, trade name or service mark, or any other injury to any person, property or entity arising out of the material, data, information or other content transmitted over CTC's facilities.

Customer shall indemnify and hold CTC, its parent, affiliates and sub-contractors, harmless from any claim, loss or damages, including reasonable attorney's fees, resulting from Customer's breach of any term of this Agreement, Customer's placement of any material or content on CTC's network, or from Customer's use of CTC's services, regardless of Customer's knowledge or consent.

CTC MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE DESCRIPTION, COMPLETENESS, QUALITY, MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OF ANY SERVICE PROVIDED PURSUANT TO ANY SERVICE ORDER ISSUED HEREUNDER.  CTC's liability for any damages arising from errors, mistakes, omissions, interruptions or delays of the Company, its agents, employees or underlying carriers in the course of establishing, furnishing, rearranging, moving, terminating, maintaining, restoring or changing Service or facilities provided hereunder, or the Company's failure to perform any other duty arising out of this Agreement shall not exceed an amount equivalent to the actual proportionate charge for the Service applicable to the period during which the Service was affected.

In no event shall CTC be liable for any incidental, indirect, special or consequential damages (including lost revenue or profit) of any kind whatsoever, regardless of cause or foreseeability thereof.

☑004                                                              10/24/01  WED 11:37  FAX

Oct 22 01 02:01p                    Ivertising Ventures                    453 0095                    p.3

☒004



**CTC CUSTOMER SERVICE AGREEMENT**

Use of Service. The Customer shall not use any CTC Service in any manner other than that for which the Service was intended and shall refrain from using the Company's services in any manner which would adversely affect the Company's equipment or the Company's service to others. The Company reserves the right to discontinue service without notice in the event of any such unlawful or adverse use.

Assumption of Liability.    Under certain limited circumstances, CTC may assume Customer's obligations under an existing contract with Customer's Local Exchange Company (LEC).    In the event of any such assumption, Customer shall become liable to CTC for the satisfaction of all terms and conditions of such contractual obligations assumed by CTC, including full termination liability.

Assignment.    CTC may assign this Agreement in accordance with the laws of the Commonwealth of Massachusetts. Customer may not assign this Agreement without the prior written consent of the Company.

Miscellaneous.    This Agreement shall be governed by the laws of the Commonwealth of Massachusetts.    Failure of either party to insist upon the strict compliance by the other with any of the terms, covenants or conditions of this Agreement shall not be construed as a waiver of any subsequent breach.    Each provision of this Agreement is severable from the whole and if any one provision of this Agreement is declared invalid or unenforceable, the other provisions shall remain in full force and effect. This Agreement may only be modified by written instrument executed by both parties.

Entire Agreement.    This Agreement supersedes any and all prior agreements, understandings and representations of the parties with respect to the services provided hereunder. The terms and conditions set forth in this Agreement and those found in applicable CTC tariffs represent the entire understanding of the parties with respect to the services provided hereunder.

**ADDITIONAL TERMS AND CONDITIONS APPLICABLE TO SUBSCRIBERS OF CTC INTERNET AND WEB HOSTING SERVICES**

Customer acknowledges and agrees that CTC's Internet and Web Hosting services are also governed by the terms and conditions of the Company's Acceptable Use Policy, incorporated herein by reference.    CTC reserves the right to revise the terms and condition of its Acceptable Use Policy.    The Company shall provide notice to Customer of any such revisions.    Customer's continued use of the Service subsequent to the delivery of such notice shall constitute Customer's acceptance thereof. CTC's Acceptable Use Policy is posted on the Company's web site at www.ctcnet.com.    Customer warrants and represents that it will abide by the terms and conditions of this Agreement and terms set forth in CTC's Acceptable Use Policy while subscribing to such services.

Accepted:

CTC Communications Corp.                         Advertising-Ventures

By: _____                              By: _____

Title: _____                           Title: Chief Technologist

Date: _____                            Date: 10/26 01

Page 3 of 3

Oct 22 01 02:02p    dvertising Ventures    1 453 0095    p.4

☒003



**PowerPath Member Services Addendum**

**Exhibit A**

Reference Number: RGAR-53FPMV

**Location - Product/Service**

| | NRC | Total Monthly Charge |
|---|---|---|
| **Advertising-Ventures, 10 Davol Square, Providence, RI** | $600.00 | $755.00 |
| T-1 Powerpath Svc | | |
| Term    2 Year | | |
| Internet Service | | |
| Speed    513K (B) | | |
| OF_Internet PVC | | |
| STN | | |
| 4.9 Volume Plan - 4.9 Volume Plan    iDC1v | | |
| 4.9 Volume Plan - 4.8 Volume Plan    ODC3V | | |
| Overflow | | |
| 10 Voice Channel | | |
| Overflow | | |
| Out of Service Redirect | | |

**Total:** $600.00    $755.00
$300.00
DD

**CTC COMMUNICATIONS CORP.**

By: _____
    Signature of Authorized Employee

Name (Print): Robert Gallagher

Title:    Account Executive

CTC Communications Corp.

Date:    10/17/2001

**CUSTOMER**

By: _____Will Viall_____  10/22/01
    Signature of Authorized Employee

Name (Print): Bill Viall

Title:    Chief Technologist

Company:    Advertising-Ventures

Date:    10-17-2001

1

900 ☒    XVd 8E:11 0EM  10/tZ/01

# EXHIBIT "B"

Acct #    **1123227**

# Advertising-Ventures

10 Davol Square
Providence    RI  02903

**billing address if
different:**

Contacts:    **MARY SADLIER**                     401 453 4748

Services:    **Local ON & OFF NET**

Amt Due:    **$10,453.42**

# SOA

| Period | Description | Billing | Payments | Adjustments | Balance Fwd |
|--------|-------------|--------:|---------:|------------:|------------:|
| Sep-99 | SEP BILLING SUMMARY | 157.52 | 0.00 | 0.00 | 157.52 |
| Oct-99 | OCT BILLING SUMMARY | 1,542.65 | 0.00 | 0.00 | 1,700.17 |
| Nov-99 | NOV BILLING SUMMARY | 682.46 | 0.00 | 0.00 | 2,382.63 |
| Dec-99 | DEC BILLING SUMMARY | 697.22 | 2,225.11 | 0.00 | 854.74 |
| Jan-00 | JAN BILLING SUMMARY | 746.70 | 697.22 | 0.00 | 904.22 |
| Feb-00 | FEB BILLING SUMMARY | 769.20 | 904.22 | 0.00 | 769.20 |
| Mar-00 | MAR BILLING SUMMARY | 826.01 | 769.20 | 29.29 | 796.72 |
| Apr-00 | APR BILLING SUMMARY | 782.01 | 0.00 | 29.17 | 1,549.56 |
| May-00 | MAY BILLING SUMMARY | 780.73 | 826.01 | 32.68 | 1,471.60 |
| Jun-00 | JUN BILLING SUMMARY | 811.47 | 1,562.74 | 29.28 | 691.05 |
| Jul-00 | JUL BILLING SUMMARY | 832.06 | 0.00 | 0.00 | 1,523.11 |
| Aug-00 | AUG BILLING SUMMARY | 815.78 | 811.47 | 0.00 | 1,527.42 |
| Sep-00 | SEP BILLING SUMMARY | 814.95 | 832.06 | 0.00 | 1,510.31 |
| Oct-00 | OCT BILLING SUMMARY | 1,184.07 | 1,630.73 | 0.00 | 1,063.65 |
| Nov-00 | NOV BILLING SUMMARY | 858.05 | 0.00 | 0.00 | 1,921.70 |
| Dec-00 | DEC BILLING SUMMARY | 1,309.03 | 2,042.12 | 0.00 | 1,188.61 |
| Jan-01 | JAN BILLING SUMMARY | 899.67 | 1,309.03 | 0.00 | 779.25 |
| Feb-01 | FEB BILLING SUMMARY | 966.89 | 899.67 | 0.00 | 846.47 |
| Mar-01 | MAR BILLING SUMMARY | 935.19 | 966.89 | 0.00 | 814.77 |
| Apr-01 | APR BILLING SUMMARY | 1,113.05 | 935.19 | 0.00 | 992.63 |
| May-01 | MAY BILLING SUMMARY | 894.31 | 1,927.05 | 0.00 | -40.11 |
| Jun-01 | JUN BILLING SUMMARY | 914.76 | 1,768.96 | 0.00 | -894.31 |
| Jul-01 | JUL BILLING SUMMARY | 925.20 | 0.00 | 0.00 | 30.89 |
| Aug-01 | AUG BILLING SUMMARY | 911.72 | 30.89 | 0.00 | 911.72 |
| Sep-01 | SEP BILLING SUMMARY | 866.97 | 911.72 | 0.00 | 866.97 |
| Oct-01 | OCT BILLING SUMMARY | 908.38 | 866.97 | 2.35 | 906.03 |
| Nov-01 | NOV BILLING SUMMARY | 1,020.01 | 1,928.39 | 0.00 | -2.35 |
| Dec-01 | DEC BILLING SUMMARY | 831.73 | 0.00 | 0.00 | 829.38 |
| Jan-02 | JAN BILLING SUMMARY | 888.93 | 829.38 | 0.00 | 888.93 |
| Feb-02 | FEB BILLING SUMMARY | 2,587.92 | 0.00 | 30.20 | 3,446.65 |
| Mar-02 | MAR BILLING SUMMARY | 2,321.32 | 888.93 | 109.75 | 4,769.29 |
| Apr-02 | APR BILLING SUMMARY | 1,538.19 | 2,587.92 | 85.54 | 3,634.02 |
| May-02 | MAY BILLING SUMMARY | 1,484.07 | 2,321.32 | 82.61 | 2,714.16 |
| Jun-02 | JUN BILLING SUMMARY | 1,555.13 | 1,768.96 | 171.28 | 4,098.01 |
| Jul-02 | JUL BILLING SUMMARY | 1,527.91 | 3,022.26 | 19.93 | 2,583.73 |

| Aug-02 | AUG BILLING SUMMARY | 2,210.50 | 0.00 | 0.00 | 4,794.23 |
|--------|---------------------|----------|------|------|----------|
| Sep-02 | SEP BILLING SUMMARY | 1,731.07 | 0.00 | 0.00 | 6,525.30 |
| Oct-02 | OCT BILLING SUMMARY | 1,893.09 | 2,636.80 | 0.00 | 5,781.59 |
| Nov-02 | NOV BILLING SUMMARY | 1,805.61 | 0.00 | 0.00 | 7,587.20 |
| Dec-02 | DEC BILLING SUMMARY | 1,753.39 | 0.00 | 0.00 | 9,340.59 |
| Jan-03 | JAN BILLING SUMMARY | 1,261.97 | 0.00 | 0.00 | 10,602.56 |
| Feb-03 | FEB BILLING SUMMARY | -513.25 | 0.00 | 0.00 | 10,089.31 |
| Mar-03 | MAR BILLING SUMMARY | 110.34 | 0.00 | 0.00 | 10,199.65 |
| Apr-03 | APR BILLING SUMMARY | 126.11 | 0.00 | 0.00 | 10,325.76 |
| May-03 | MAY BILLING SUMMARY | 126.11 | 0.00 | 0.00 | 10,451.87 |
| Jun-03 | JUN BILLING SUMMARY | 0.00 | 0.00 | 0.00 | 10,451.87 |
| Jul-03 | JUL BILLING SUMMARY | 0.00 | 0.00 | 0.00 | 10,451.87 |
| Aug-03 | AUG BILLING SUMMARY | 0.00 | 0.00 | 0.00 | 10,451.87 |
| Sep-03 | SEP BILLING SUMMARY | 0.00 | 0.00 | 0.00 | 10,451.87 |
| Oct-03 | OCT BILLING SUMMARY | 0.00 | 0.00 | 0.00 | 10,451.87 |
| Nov-03 | NOV BILLING SUMMARY | 0.00 | 0.00 | 0.00 | 10,451.87 |
| Dec-03 | DEC BILLING SUMMARY | 2.89 | 0.00 | 2.86 | 10,451.90 |
| Jan-04 | JAN BILLING SUMMARY | 1.44 | 0.00 | 1.42 | 10,451.92 |
| Feb-04 | FEB BILLING SUMMARY | 1.44 | 0.00 | 1.42 | 10,451.94 |
| Mar-04 | MAR BILLING SUMMARY | 1.44 | 0.00 | 1.42 | 10,451.96 |
| Apr-04 | APR BILLING SUMMARY | 1.44 | 0.00 | 1.42 | 10,451.98 |
| May-04 | MAY BILLING SUMMARY | 1.44 | 0.00 | 0.00 | 10,453.42 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)**   CTC VS   ADVERTISING

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.   (SEE LOCAL RULE 40.1(A)(1)).**

   ___   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,          *Also complete AO 120 or AO 121
   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ✓   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
   380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
   690, 810, 861-865, 870, 871, 875, 900.

   ___   V.   150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.**

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**

   YES          ( NO )

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)**

   YES          ( NO )

   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**

   YES          ( NO )

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?**

   YES          ( NO )

7. **DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).**

   YES          ( NO )

   A.   **IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?**

   EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

   B.   **IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?**

   EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

**(PLEASE TYPE OR PRINT)**
ATTORNEY'S NAME   JOHN J. DIXSI
ADDRESS   25 BURLINGTON MALL RD, BURLINGTON, MA
TELEPHONE NO.   781-464-0200

(Cover sheet local.wpd - 11/27/00)

®>JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CTC Communications Corporation

**(b)** County of Residence of First Listed Plaintiff   Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John J. Desley, Esq  25 Burlington Mall Road, 6th Fl
Corn + Assoc LLC    Burlington MA 01803  (781) 499-0200

## DEFENDANTS
Advertising - Ventures

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

*(stamp:)* FILED
...RKS OFFICE
...MAR 31 P 12: 02
...DISTRICT COURT
...DISTRICT OF MASS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS - Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1331
Brief description of cause:
Breach of Customer Service Agreement + Services Rendered

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 10,453.42
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____   DOCKET NUMBER _____

DATE  3/31/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____